MARY DAY, Respondent, *v.* ALEXANDER HORTON, Appellant.

Third Department, November 17, 1927.

Fraud and deceit — what constitutes actionable fraud — action brought on alleged misrepresentation that automobile sold plaintiff in January, 1926, was 1926 model — no misrepresentation of material fact shown — fraud not established — fair market value is test of damage.

Plaintiff cannot recover damages on the theory of fraud and deceit in the sale of an automobile to her in January, 1926, by the defendant on proof that the defendant represented that the automobile was a 1926 model, since it appears that it must have been known to the plaintiff that the automobile was not built in 1926 and since it further appears that the difference between automobiles of the make in question built in 1926 and 1925 was very slight, and since there is no evidence that there was any difference in the value between cars built in the different years.

The fair market value is the test of damage in such an action.

APPEAL by the defendant, Alexander Horton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of Albany on the 5th day of April, 1927, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Henry J. Crawford,* for the appellant.

*Joseph Besch, Jr. [John F. O'Brien* of counsel], for the respondent.

WHITMYER, J. The action is for the recovery of damages for alleged fraud and deceit in the sale of an Auburn brougham, Model 6–66. The claim is that defendant sold a 1925 car to plaintiff under the false representation that it was a 1926 car. Plaintiff saw and agreed to buy the car at the Troy automobile show on January 29, 1926. It was a " model number " and not a " year model " car. The manufacturers had been building " model number " cars since January 1, 1924, making slight changes from time to time, without notice to distributors or to the public. It was built in December, 1925, was new, was the company's latest car of that type, and was on exhibition at the show. Plaintiff must have known that it was not actually built in 1926. The only difference between cars built in 1925, at the time of this one, and cars built in 1926, was in the style of the bumpers and the size of the bore. This one had the 1926 bumpers. Whether or not the size of the bore was the same does not appear. Further, there is no proof that the value would have been affected if the bore was different. Fraud and deceit must be based on representations of material facts, resulting in damage to one who relies upon them. Here, the evidence, as it stands, fails to show the elements of fraud. Moreover, the result of the proof that the value of the car, at the time of its delivery on April 14, 1926, was to be determined by some arbitrary standard of value for used cars, was that the value of this new car was less than that of the used one of 1923, turned in by plaintiff, in the exchange. This would seem inconsistent and indicates that a wrong rule of damages was applied. Fair market value should be the test of damage.

The judgment should be reversed and a new trial should be granted, with costs to abide the event.

COCHRANE, P. J., VAN KIRK, MCCANN and DAVIS, JJ., concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.